### In the Matter of Jimmie L. MONTGOMERY, Respondent.

### No. 13S00–0904–DI–138.

Supreme Court of Indiana.

Jan. 21, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was elected as prosecutor of Crawford County in 2002. In late 2005, he used county funds to buy a set of West's Indiana Code ("New Set") for the prosecutor's office. He donated his personal set ("Old Set") to the county public library. During his term in office, supplements updating the New Set were sent to the prosecutor's office, but the Old Set was not kept current. Respondent did not win re-election in 2006.

He took the New Set with him when he left office, leaving the prosecutor's office without any set of West's Indiana Code. During the Commission's investigation, Respondent falsely stated he believed that he had donated the New Set to the public library and that he had taken the Old Set with him when he left office. After the Commission initiated its investigation, Respondent reimbursed the county for the books in question.

The parties cite no facts in aggravation. Facts in mitigation are Respondent's lack of disciplinary history, his remorse, and his volunteer activities in charitable organizations.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is suspension for six months without automatic reinstatement. The discipline the Court would impose for Respondent's misconduct might have been more severe had this matter been submitted without an agreement. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning February 25, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.